Landon, J.
The plaintiff seeks to recover the value of a -canal boat alleged to have been converted by the defendants. The defendants sold the plaintiff a canal boat for $400, of which $100 was then paid by the plaintiff and the balance to be paid in specified installments, the plaintiff to have possession of the boat until default in payment, but not to have title until all the payments should be made; upon default in payment, all payments made to be forfeited, and defendants to re-take possession as if no agreement had been made. The plaintiff took possession of the boat and paid $120 more as the installments fell due. Then, in July, 1880, he made an additional agreement with the defendants whereby they took possession of the boat and agreed to operate it until November and credit its net earnings to the plaintiff upon the installments yet unpaid.
The defendants, under this new arrangement, operated "the boat until November of the same year, when they notified the plaintiff to take charge of it. The boat was then in the canal at Fort Edward, and was there placed in charge of one Sanders, and then loaded with ice as freight and by Sanders taken to New York, where he kept the boat during the winter. In the following spring Sanders returned with the boat to Fort Edward. The defendants then sold their interest in the boat to Sanders, who went away with the boat and never returned it to either party. The defendants credited the plaintiff with three dollars and seventy-seven cents, being the net earnings received by them while they had the boat from July to November, 1880, including twenty ■dollars paid them by Sanders in the winter following on account of the cargo of ice.
There was a conflict of testimony between the parties upon the question whether the plaintiff or the defendants placed Sanders. in charge of the boat when Sanders took the cargo of ice to New York. The referee found that the plaintiff placed him in charge. The plaintiff insists that this finding is against the clear weight of the evidence. We. do not see that this is so. Upon the plaintiff’s own testimony, he sought out Sanders in order that he should take this cargo of ice to New York. Sanders consented, and talked with both parties about it. It is inferable that Sanders desired the consent of both parties. Certainly the plaintiff did not object. The referee, out of the conflict of evidence, has found that the plaintiff placed Sanders in *328 charge. We rarely disturb a finding of fact which depends upon the credit to be given to the testimony of witnesses who contradict each other.
If the plaintiff consented to look to Sanders for the boat, he cannot hold the defendants responsible for it, in the absence of evidence that they conspired with Sanders to-make way with it. Their sale to Sanders of their interest, in the boat was within their right. Such sale, even if accompanied by the declaration that plaintiff had forfeited his interest, would not amount to a conversion, for it would not in any way change the character of the possession Sanders had received from the plaintiff, nor would it make the defendants parties to Sanders’ wrongful act of running away with the boat.
The plaintiff urges that it was error to direct a reference, but it does not appear that the reference was compulsory. The action was, by consent of the parties, referred to a. referee and tried before him and judgment rendered. This judgment was upon appeal reversed, the reference discharged and a new trial granted. Ho objection appears to have been taken to the appointment of the new referee. Code Civ. Pro., § 1Q11.
We find no error in the admission of evidence which calls, for a reversal of the judgment.
Judgment affirmed, with costs.
Learned P. J., concurs; Bockes, J., not voting.